J-S44043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL MCMILLAN | |
| Appellant | No. 456 WDA 2015 |

Appeal from the PCRA Order March 3, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006930-2007

BEFORE:  LAZARUS, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 16, 2016**

Michael McMillan filed a petition for allowance of appeal with our Supreme Court from our judgment order, which affirmed the trial court's order dismissing, as untimely, his petition brought pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  The Supreme Court of Pennsylvania remanded for further proceedings consistent with ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016).  Accordingly, we reverse and remand.

On July 16, 2008, the trial court sentenced McMillan to life imprisonment without the possibility of parole for second-degree murder and an additional aggregate sentence of 12½ to 25 years' imprisonment for robbery, aggravated assault, and possession of a firearm by a minor. McMillan was seventeen years old when he committed the underlying

offenses. McMillan filed a direct appeal to this Court, which affirmed his judgment of sentence on May 5, 2010. McMillan did not file a petition for allowance of appeal.

On September 29, 2014, McMillan filed his second *pro se* PCRA petition. Counsel was appointed, and filed an amended petition.[1] In that petition McMillan claimed that he was entitled to relief, in the form of resentencing, pursuant to **Miller v. Alabama**, 132 S. Ct. 2455 (2012), which held that sentencing a person who was a juvenile at the time of the offense to a mandatory term of life imprisonment without parole for homicide violated the Eighth Amendment's restriction on cruel and unusual punishment.

On February 5, 2015, the court issued an order notifying McMillan of its intention to dismiss his PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907(1) on the basis that the petition was untimely, and accordingly, the court lacked jurisdiction to consider it. McMillan filed a response, and on March 3, 2015, the court dismissed the petition. McMillan filed an appeal; our Court affirmed the denial of PCRA relief on August 4, 2015, concluding that **Miller** does not apply retroactively to cases on

---

[1] McMillan filed his first *pro se* PCRA petition on February 14, 2011, which the court dismissed without a hearing by order docketed August 8, 2011. McMillan filed an appeal, and this Court affirmed the order on November 26, 2013. The Supreme Court denied McMillan's petition for allowance of appeal on May 8, 2014.

collateral appeal. *See Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013).

On September 9, 2015, McMillan petitioned our Supreme Court for allowance of appeal. On February 24, 2016, the Pennsylvania Supreme Court vacated our Court's disposition and remanded this matter to this Court for further proceedings consistent with *Montgomery*.

After the United States Supreme Court's holding in *Montgomery*, *Cunningham*'s tenet that *Miller* cannot be applied retroactively is no longer good law in Pennsylvania. *See Commonwealth v. Secreti*, 2016 PA Super 28 (Pa. Super. 2016) (interpreting *Montgomery* as making retroactivity under *Miller* effective as of the date of the *Miller* decision).

Here, the trial court sentenced McMillan, who was a juvenile at the time of the offense, to a mandatory sentence of life imprisonment without the possibility of parole. In light of the United States Supreme Court's recognition in *Miller* that such a sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment, and the Court's recent retroactive application of *Miller* in *Montgomery*, we reverse the trial court's order and remand.

Order reversed. Case remanded. Jurisdiction relinquished.

Judge Stabile and Judge Jenkins concur in the result of this Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2016